**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIA HAJNAS,<br>on behalf of Plaintiff and<br>the class members described herein,<br>and PEOPLE OF THE STATE OF ILLINOIS<br>EX REL. MARIA HAJNAS,<br><br>       Plaintiff,<br><br>   vs.<br><br>WIRBICKI LAW GROUP LLC;<br>BIRCH WALNUT LLC;<br>MONTVALE, LLC; and<br>MADISON MANAGEMENT<br>SERVICES, LLC;<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:20-cv-01242<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiffs, Maria Hajnas and People of the State of Illinois ex rel. Maria Hajnas, bring this action to secure redress from unlawful and collection practices engaged in by Defendants Wirbicki Law Group LLC ("WLG"); Birch Walnut LLC ("Birch Walnut"); Montvale, LLC ("Montvale"); and Madison Management Services, LLC ("MMS").

2.    Plaintiff Maria Hajnas alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law. Plaintiff People of the State of Illinois ex rel. Maria Hajnas seeks injunctive relief against unlicensed debt collection activities pursuant to the Illinois Collection Agency Act.

3.    The FDCPA broadly prohibits unfair or unconscionable collection methods,

-1-

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6.      The FDCPA encourages consumers to act as "private attorneys general" to
        enforce
the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.      Plaintiff Maria Hajnas seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

8.      The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be

permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

## VENUE AND JURISDICTION

9.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

10.     Venue and personal jurisdiction in this District are proper because:

      a.      WLG is located within the District;

      b.      Birch Walnut is located within the District;

      c.      Montvale does business within the District;

      d.      Defendants' collection communications were received by Plaintiff Hajnas within this District and the property at issue is in the District;

## PARTIES

11.     Plaintiff Maria Hajnas  is an individual who resides in the Northern District of Illinois.  She sues individually and as private attorney general.

12.     Defendant Wirbicki Law Group LLC ("WLG") is a law firm organized as a limited liability company with offices at 33 W. Monroe St., Suite 1540, Chicago, IL 60603.

13.     WLG states on its web site (http://www.wirbickilaw.com/)  that "The Wirbicki Law Group LLC is a default services law firm representing lenders, banks, REO asset managers and mortgage servicing companies in in Arizona, California, Illinois, Indiana, Iowa, Minnesota, Missouri and Wisconsin. Our legal services include: foreclosure, title, bankruptcy, eviction, contested foreclosure litigation, loss mitigation, and REO closings. [¶] Our goal is to care for the

process of judicial foreclosure with attention to detail and respect for all parties in this delicate

process. We are proud of the efficiencies we have developed over years of experience in serving

our financial institution clients. [¶] The Wirbicki Law Group LLC is a member of the American

Legal and Financial Network, the Legal League 100 and the United Trustees Association."

14.     WLG uses the mails and telephone system in collecting consumer debts.

15.     WLG is a debt collector as defined in the FDCPA.

16.     Defendant Birch Walnut LLC ("Birch Walnut") is a limited liability company

organized under Illinois law with principal offices at 55 West Monroe St., Suite 3200, Chicago,

IL 60603.  Its registered agent is Alberto Rodriguez at that address.

17.     On information and belief, the only source of revenue of Defendant Birch Walnut

LLC is the acquisition and liquidation of defaulted consumer debt.

18.     Defendant Birch Walnut uses the mails and telephone system in conducting

business.

19.     Defendant Birch Walnut is a debt collector as defined in the FDCPA.

20.     Defendant Birch Walnut LLC has never been licensed as a debt collector or debt

buyer under the Illinois Collection Agency Act.

21.     Defendant Birch Walnut LLC has never been licensed under the Illinois

Residential Mortgage License Act.

22.     Defendant Montvale, LLC ("Montvale") is a limited liability company organized

under the law of  Delaware.  Its principal office is located at 8 The Green Suite 6834, Dover, DE

19901.  Its registered agent and office is Linda Crohn, 9003 Lincolnwood Dr., Evanston, IL

60203.

23.    Defendant Montvale is engaged in the business of providing "solutions" to non-performing loans, i.e., debt collection.

24.    Defendant Montvale uses the mails and telephone system in conducting business.

25.    Defendant Montvale, LLC has never been licensed as a debt collector or debt buyer under the Illinois Collection Agency Act.

26.    Defendant Montvale, LLC has never been licensed under the Illinois Residential Mortgage License Act.

27.    Defendant Madison Management Services, LLC ("MMS") is a limited liability company organized under Nevada law with its principal offices at 4600 Kietzke Ln., Ste. B119, Reno, NV 89502.  It does business in Illinois.  Its registered agent and office is Incorp Services Inc., 901 S. 2nd St., Ste. 201, Springfield, IL 62704.

28.    Defendant MMS states on its web site (https://madisonmanagement.net/about/) that "Madison Management Services, LLC is a private mortgage investment and servicing company that focuses on acquiring distressed mortgages nationwide."

29.    MMS also states on its web site (https://madisonmanagement.net/about/): "Company History [¶]  Madison Management Service (MMS) began in 2007 as a private lender active in the buying, managing, and liquidating of defaulted mortgages. After reviewing the third-party servicing options available at the time, we soon realized that there was a need for a servicing company that understood and catered to the needs of other investor-lenders like us. MMS began by servicing our own growing portfolio and eventually began accepting additional servicing clients."

30.    On information and belief, MMS regularly engages in servicing of loans owned

by

others.

31.     On information and belief, the principal or only business of MMS is debt

collection.

32.     Defendant MMS uses the mails and telephone system in conducting business.

33.     Defendant MMS is a debt collector as defined in the FDCPA.

## **FACTS**

34.     Defendants have been attempting to collect from Plaintiff Maria Hajnas an

alleged home equity line of credit incurred for personal, family or household purposes and not

business purposes.  A copy of the credit agreement is in Appendix A and a copy of the mortgage

is in Appendix B.

35.     The line of credit was used to pay for Plaintiff Maria Hajnas's daughter's

education and living expenses.

36.     The last payment on the line of credit was made no later than 2011.

37.     On or about December 18, 2019, Defendant WLG sent Plaintiff Maria Hajnas

the document attached as Appendix C.

38.     Appendix C threatens litigation to enforce the alleged credit agreement and

mortgage.

39.     Appendix C fails to disclose that the alleged credit agreement and mortgage are

barred by the five-year Illinois statute of limitations.

40.     On or about December 27, 2019, WLG sent Plaintiff Maria Hajnas the "notice of

default" attached as Appendix D.

-6-

41.     Appendix D again threatens litigation to enforce the alleged credit agreement and mortgage.

42.      During December 2019 - January 2020, Defendant Montvale sent Plaintiff Maria Hajnas:

      a.     The notice attached as Appendix E, threatening foreclosure;

      b.     A settlement offer, in Appendix F.

43.     Appendix F was sent by Montvale "in partnership with Birch Walnut LLC."

44.     In late December 2019 or early January 2020, Defendant MMS sent Plaintiff Maria Hajnas the document in Appendix G.

45.     MMS, Montvale, Birch Walnut and WLG have been acting in concert with respect to the collection activities directed to Plaintiff Maria Hajnas.

46.     An open-end line of credit is governed by a five-year statute of limitations in Illinois, running from the later of default or last payment.

47.     At the time Appendices C-G were sent, more than 5 years had elapsed since both of these events.

48.     Under Illinois law, the running of the statute of limitations on a credit agreement bars action on the mortgage as well.  "[L]ong-standing Illinois law precludes a plaintiff from foreclosing on a mortgage when an action on the underlying note is barred by the statute of limitations or another procedural rule."  *United Central Bank v. KMWC 845, LLC,* 800 F.3d 307, 311 (7th Cir. 2015), citing *Hibernian Banking Ass'n v. Commercial Nat. Bank,* 157 Ill. 524, 41 N.E. 919, 922 (1895) ("[I]t has been repeatedly decided by this court that the mortgage is a mere incident of the debt, and is barred when the debt is barred[.]").

49. Under Illinois law, after a debt is barred by limitations, the debtor is entitled to a release of any mortgage securing it, and may bring an action to clear or quiet title if the mortgagee fails or refuses to release it. *Gary-Wheaton Bank v. Helton*, 337 Ill.App. 294, 85 N.E.2d 472 (2d Dist. 1949) (abstract).

50. Appendices C-G:

    a. Threaten litigation, including foreclosure;

    b. Offer to settle the debt.

51. Nothing in Appendices C-G discloses that:

    a. The debt is beyond the statute of limitations;

    b. The mortgage is also unenforceable as a result of the statute of limitations;

    c. Making a payment may revive the statute of limitations.

52. Appendices C-G are form documents.

53. It is the corporate policy and practice of Defendants to maintain and assert expired and unfounded liens for the purpose of attempting to extort money from consumers.

54. Plaintiff Maria Hajnas was frightened and distraught at the thought of losing her home and spent time and money as a result.

## COUNT I – FDCPA – CLASS CLAIM

55. Plaintiff Maria Hajnas incorporates paragraphs 1-54.

56. This claim is against all Defendants.

57. Appendices C-G violate 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), in that they fail to warn that the debt is time-barred or that making a payment as requested may restart the

statute of limitations.

58.     Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f and 1692f(1) by using an expired and unfounded lien for the purpose of attempting to extort money from Plaintiff Maria Hajnas and others.

## CLASS ALLEGATIONS

59.     Plaintiff Maria Hajnas brings this claim against WLG and MMS on behalf of two  classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).   Plaintiff Maria Hajnas sues the other Defendants individually.

60.     Class A consists of (a) all individuals (b) to whom WLG sent a document in the form of Appendix C or Appendix D (c) concerning a loan secured by property located in Illinois (d) seeking to collect an open-end line of credit (e) on which the last payment was more than 5 years prior to the date of the document (f) which document was sent at any time during a period beginning one year prior to the original filing of this action.

61.     Class B consists of (a) all individuals (b) to whom MMS  sent a document  in the form of Appendix G (c) concerning a loan secured by property located in Illinois  (d) seeking to collect an open-end line of credit (e) on which the last payment was more than 5 years prior to the date of the document (f) which document was sent at any time during a period beginning one year prior to the original filing of this action.

62.     On information and belief, each  class is so numerous that joinder of all members is not practicable.

63.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.

-9-

64.     The predominant common questions are:

      a.     Whether the form of Defendants' documents violate the FDCPA.

      b.     Whether Defendants are demanding payment or offering settlements of time-barred debts without disclosure of that fact.

      c.     Whether Defendants are attempting to use invalid and expired liens to extort money from consumers.

65.     Plaintiff Maria Hajnas's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

66.     Plaintiff Maria Hajnas will fairly and adequately represent the class members. Plaintiff Maria Hajnas has retained counsel experienced in class actions and FDCPA litigation.

67.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff Maria Hajnas and the class members and against Defendants for:

      i.     Statutory damages;

      ii.     Actual damages for any class members that paid money on time-barred debts or otherwise prove damages;

      iii.     Attorney's fees, litigation expenses and costs of suit;

iv. Such other and further relief as the Court deems proper.

## COUNT II  --  DECLARATORY JUDGMENT/ QUIET TITLE  – CLASS CLAIM

68. Plaintiff Maria Hajnas incorporates paragraphs 1-54.

69. This claim is against all Defendants.

70. There is a dispute between the parties as to whether the debts in question are time barred, whether Defendants are entitled to maintain legal actions against Plaintiff Maria Hajnas and the class members, and whether the mortgages Defendants claim to possess are valid liens, when the underlying debt is time barred.

### CLASS ALLEGATIONS

71. Plaintiff Maria Hajnas brings this claim against WLG and MMS on behalf of two  classes, pursuant  to  Fed.R.Civ.P. 23(a) and 23(b)(2) and (b)(3).

72. Class A  consists of (a) all individuals (b) to whom WLG sent a document in the form of Appendix C or Appendix D, (c) concerning a loan secured by property located in Illinois (d) where the lien described in the document has not been released.

73. Class B consists of (a) all individuals (b) to whom MMS sent a document in the form of Appendix G, (c) concerning a loan secured by property located in Illinois  (d) seeking to collect an open-end line of credit (e) where the lien described in the document has not been released.

74. On information and belief, each  class is so numerous that joinder of all members is not practicable.

75. There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.

-11-

76. The predominant common question is whether Defendants' liens are invalid and expired liens.

77. Plaintiff Maria Hajnas's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

78. Plaintiff Maria Hajnas will fairly and adequately represent the class members. Plaintiff Maria Hajnas has retained counsel experienced in class actions and consumer litigation.

79. Defendants have acted on a basis common to the class, in that they are asserting liens where the underlying debts are barred by limitations.

80. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, Plaintiff Maria Hajnas requests that the Court enter judgment in her favor and in favor of the class and against Defendants for:

    i. A declaration that the mortgages Defendants seek to enforce are no longer a valid lien;

    ii. An order requiring Defendants to release the mortgage and lis pendens (if any);

    iii. Costs;

## COUNT III – CONSUMER FRAUD ACT – CLASS CLAIM

81.     Plaintiff Maria Hajnas incorporates paragraphs 1-54.

82.     This claim is against all Defendants except WLG.

83.     Defendants have engaged in unfair and deceptive acts and practices, in violation

of 815 ILCS 505/2, by attempting to extort money from consumers by:

a.      Maintaining invalid and expired liens;

b.      Falsely representing that such liens are valid.

84.     Defendants have engaged in such conduct in concert.

85.     Defendants have engaged in such conduct in the course of trade and commerce.

86.     Defendants have engaged in such conduct maliciously and in bad faith, knowing

that the  liens are invalid.

## CLASS ALLEGATIONS

87.     Plaintiff Maria Hajnas brings this claim on behalf of a class, against MMS,

pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).  Birch Walnut and Montvale are sued individually.

88.     The class consists of (a) all individuals (b) to whom MMS sent a document in the

form of Appendix G, (c) concerning a loan secured by property located in Illinois (d) at any time

during a period beginning 3 years prior to the original filing of this action.

89.     On information and belief, the class is so numerous that joinder of all members

is not practicable.

90.     There are questions of law and fact common to the class members, which

common  questions predominate over any questions relating to individual class members.

91.     The predominant common questions are:

a.      Whether Defendant MMG is attempting to use invalid and expired liens to

extort money from consumers.

      b.      Whether Defendant MMG's conduct is unfair or deceptive.

92.      Plaintiff Maria Hajnas's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

93.      Plaintiff Maria Hajnas will fairly and adequately represent the class members. Plaintiff Maria Hajnas has retained counsel experienced in class actions and consumer litigation.

94.      A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of Plaintiff Maria Hajnas and the class members and against Defendants for:

      i.      Actual damages for any class members that paid money on time-barred debts or otherwise prove damages;

      ii.      Punitive damages;

      iii.      Declaratory and injunctive relief;

      iv.      Attorney's fees, litigation expenses and costs of suit;

      v.      Such other and further relief as the Court deems proper.

## COUNT IV  – COLLECTION AGENCY ACT

95.      Plaintiff People of the State of Illinois ex rel. Maria Hajnas incorporates paragraphs 1-54.

96.      This claim is against Defendant Birch Walnut.

97.     Defendant Birch Walnut violates the Illinois Collection Agency Act by collecting debts from Illinois residents without a license.  In addition Defendant Birch Walnut is operating in Illinois without a license.

98.     Defendant Birch Walnut is a "collection agency" and a "debt buyer" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

99.     225 ILCS 425/3(d) brings debt buyers within the purview of the ICAA by providing that "A person acts as a collection agency when he, she, or it: . . . (d) Buys accounts, bills or other debt . . ."

100.     Additionally, 225 ILCS 425/8.5 states that "A debt buyer shall be subject to all of the terms, conditions, and requirements of this Act, except as otherwise provided for in subsection (b) of Section 8.6 of this Act."  (Section 8.6 exempts debt buyers from requirements relating to surety bonds, trust accounts, and written authorization for legal action.)  "Debt buyer" is defined in 225 ILCS 425/2 as "person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt."

101.     Section 4 of the ICAA, 225 ILCS 425/4, provides:

Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the *business of collecting*, solicit claims for others, have a sales office, a client, or solicit a client in this State, *exercise the right to collect*, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.

102.    To prosecute or threaten a collection or foreclosure lawsuit is to "exercise the

right to collect . . . ."

103.    Section 14b of the ICAA, 225 ILCS 425/14b, provides that the unlicensed

operation of a collection agency is a crime:

> § 14b. Penalty of unlawful practice; Second and subsequent offenses. Any entity that
> practices or offers to practice as a collection agency in this State without being licensed
> for that purpose, or whose license is suspended, revoked, or expired, or that violates any
> of the provisions of this Act for which no specific penalty has been provided herein, is
> guilty of a Class A misdemeanor.
>
> Any entity that has been previously convicted under any of the provisions of this Act and
> that subsequently violates any of the provisions of this Act is guilty of a Class 4 felony.
> In addition, whenever any entity is punished as a subsequent offender under this Section,
> the Secretary shall proceed to obtain a permanent injunction against such entity under
> Section 14a of this Act.

104.    225 ILCS 425/14a provides:

> Sec. 14a.  The practice as a collection agency by any entity not holding a valid and
> current license under this Act is declared to be inimical to the public welfare, to
> constitute a public nuisance, and to cause irreparable harm to the public welfare. The
> Director, the Attorney General, the State's Attorney of any county in the State, or any
> person may maintain an action in the name of the People of the State of Illinois, and may
> apply for injunctive relief in any circuit court to enjoin such entity from engaging in such
> practice. Upon the filing of a verified petition in such court, the court, if satisfied by
> affidavit or otherwise that such entity has been engaged in such practice without a valid
> and current license, may enter a temporary restraining order without notice or bond,
> enjoining the defendant from such further practice. Only the showing of nonlicensure, by
> affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of
> the verified complaint shall be served upon the defendant and the proceedings shall
> thereafter be conducted as in other civil cases except as modified by this Section. If it is
> established that the defendant has been or is engaged in such unlawful practice, the court
> may enter an order or judgment perpetually enjoining the defendant from further practice.
> In all proceedings hereunder, the court, in its discretion, may apportion the costs among
> the parties interested in the action, including cost of filing the complaint, service of
> process, witness fees and expenses, court reporter charges and reasonable attorneys' fees.
> In case of violation of any injunctive order entered under the provisions of this Section,
> the court may summarily try and punish the offender for contempt of court. Such
> injunction proceedings shall be in addition to, and not in lieu of, all penalties and other
> remedies provided in this Act.

-16-

WHEREFORE, the Court should enter judgment:

        a.      Enjoining Defendant from engaging in collection activities.

        b.      Awarding attorneys fees, litigation expenses and costs;

        c.      Granting such other relief as the Court deems proper.

Respectfully submitted,


*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Bryan G. Lesser
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

-17-

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)